

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                              Case No. 14-72143
    Linda J. Forney,
                                                Chapter 7
                Debtor.

              Plaintiff,

    -against-                                        Adv. Proc. No.

James Howard Forney Jr,

              Defendant.

## COMPLAINT
**Complaint seeking a Determination that the Debt
Owed to the Plaintiff by The Defendant pursuant to a
Judgment of Divorce is Non-Dischargeable**

      Linda J. Forney, Plaintiff, filing this complaint against James H. Forney, Defendant, seeking determination that the debt owed to me by the Defendant is non-dischargeable, states as follows:

1. The Defendant has filed for Chapter 7 bankruptcy in this court and this court has jurisdiction to determine the dischargeability of debts owed by the Debtor;

2. Linda J. Forney, the Plaintiff, resides at 5 Mirror Lane Apt 3, Moriches NY 11955. The Defendant, James H Forney Jr., resides at PO Box 808 Eastport NY 11941. Plaintiff and Defendant were involved in divorce proceeding and a Judgment of Divorce was entered on March 17, 2014.

3. My Child support, Maintenance, and Childcare is not dischargeable. The Debt owed, Scope Daycare, regular Childcare and Courten and Villar Lawyers $10,000 (Attached Due to child Custody) is not dischargeable because he was directed to pay debt under our divorce decree. ( Attached)

4. The Plaintiff requests that the child support, Childcare, maintenance, and Debts (PSECU Credit Union in Plaintiff name) 19,000.00 and Courten and Villar Lawyers $10,000 (Attached to Child custody). Is assigned to the Debtor in the Divorce Decree entered on March 17, 2014, be declared non-dischargeable pursuant to the Bankruptcy Code.

WHEREFORE, Plaintiff(s) respectfully request that this Court declare the child support, maintenance, and debts assigned to the Debtor in the Divorce Decree entered on March 17, 2014 non-dischargeable pursuant to the Bankruptcy Code and furthermore, Plaintiff respectfully requests that the court confirm that I may pursue Child support and Maintenance arrears, Scope an after school daycare and other childcare payments because they are domestic support obligations.

Respectfully submitted,

Linda Forney, Plaintiff

| B104 (Form 104) (08/07) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| LINDA FORNEY  MAILING  5 MIRROR Lane Apt. 3 (PO BOX 534 Eastport NY 11941) MORICHES NY 11955 | JAMES H. FORNEY JR  PO BOX 808  EASTPORT NY 11941 |

| ATTORNEY(S) (Firm Name, Address, Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
|  |  |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee  ☒ Creditor ☐ Trustee ☐ Other | ☒ Debtor ☐ U.S. Trustee  ☐ Creditor ☐ Trustee ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Seeking a Determination that the Debt owed to Plaintiff by the Defendent pursuant to a Judgement of DIVORCE is NON-Dischargeable

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☒ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☐ 13 – Recovery of money/property - § 548 fraudulent transfer | ☐ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☒ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| | ☐ 65 – Dischargeability – other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| | ☐ 71 – Injunctive relief – imposition of stay |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 72 – Injunctive relief – other |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | |
| | **FRBP 7001(8) – Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | ☐ 81- Subordination of claim or interest |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | |
| | **FRBP 7001(9) – Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation** | ☐ 91 – Declaratory judgment |
| ☐ 51 – Revocation of confirmation | |
| | **FRBP 7001(10) – Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability** | ☐ 01 – Determination of removed claim or cause |
| ☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | |
| ☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq. |
| ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny (continued next column) | ☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ |

Other Relief Sought:

| B104 (Form 104) (08/07), Page 2 | | | |
|---|---|---|---|
| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
| NAME OF DEBTOR <br> JAMES H. FORNEY JR | | BANKRUPTCY CASE NO. <br> 14-72143 | |
| DISTRICT IN WHICH CASE IS PENDING <br> EDNY | DIVISION OFFICE | | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |
| DATE | | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.